UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NELSON N. AYALA and NERY AYALA,
Individually and as Parents and Natural
Guardians of N.E.A., an Infant Under the Age of COMPLAINT
Fourteen Years, D.A., an Infant Under the Age of AND JURY TRIAL
Fourteen Years, S.A., an Infant Under the Age DEMAND
Of Fourteen Years, A.A., an Infant Over the
Age of Fourteen Years, and JOSE MADRID,

                              Plaintiffs,

          -against-

P.O. "JOHN DOES" 1-6, DETECTIVE "JOHN
DOE" and THE COUNTY OF SUFFOLK,
------------------------------------------------------------X

      Plaintiffs, NELSON N. AYALA and NERY AYALA, individually, and as parents and natural guardians of N.E.A., an infant under the age of fourteen years, D.A., an infant under the age of fourteen years, S.A., an infant under the age of fourteen years, A.A., an infant over the age of fourteen years, and JOSE MADRID, by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION

    1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

    2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

    3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

5. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

6. At all times relevant hereto, plaintiff NELSON N. AYALA was and is a natural person, resident in the County of Suffolk, State of New York.

7. At all times relevant hereto, plaintiff NERY AYALA was and is a natural person, resident in the County of Suffolk, State of New York.

8. At all times relevant hereto, the infant plaintiff N.E.A. was and is a natural person, resident in the County of Suffolk, State of New York, and was and is an infant under the age of fourteen years.

9. At all times relevant hereto, the infant plaintiff D.A. was and is a natural person, resident in the County of Suffolk, State of New York, and was and is an infant under the age of fourteen years.

10. At all times relevant hereto, the infant plaintiff S.A. was and is a natural person, resident in the County of Suffolk, State of New York, and was and is an infant under the age of fourteen years.

11. At all times relevant hereto, the infant plaintiff A.A. was and is a natural person, resident in the County of Suffolk, State of New York, and was and is an infant over the age of fourteen years.

12. At all times relevant hereto, plaintiff JOSE MADRID was and is a natural person, resident in the County of Suffolk, State of New York.

13. At all times relevant hereto, plaintiffs NELSON N. AYALA and NERY AYALA were and are husband and wife.

14. At all times relevant hereto, plaintiffs NELSON N. AYALA and NERY AYALA were and are the parents and natural guardians of plaintiff N.E.A., an infant under the age of fourteen years, plaintiff D.A., an infant under the age of fourteen years, plaintiff S.A., an infant under the age of fourteen years, and plaintiff A.A., an infant over the age of fourteen years.

15. At all times relevant hereto, plaintiff JOSE MADRID was and is a close family friend of the Ayala family and was residing with them at the time of the incident alleged.

16. At all times relevant hereto, defendants P.O. "JOHN DOES" 1-6 were and are natural persons, employed as police officers by the Police Department of defendant COUNTY OF SUFFOLK.

17. At all times relevant hereto, defendant DETECTIVE "JOHN DOE" was and is a natural person, employed as a detective by the Police Department of defendant COUNTY OF SUFFOLK.

18. At all times relevant hereto, defendant COUNTY OF SUFFOLK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

19. On or about May 19, 2021, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiffs served upon the Suffolk County Attorney a verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.

20. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the County of Suffolk has neglected and refused to make payment of said claim.

21. This action is commenced within one year and ninety days from the date the claim herein accrued.

22. The individual defendants are sued in their individual capacities.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS P.O. "JOHN DOES" 1-6, DETECTIVE "JOHN DOE" and THE COUNTY OF SUFFOLK (42 U.S.C. §1983)

23. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "22" hereinabove as if more fully set forth at length herein.

24. At all times relevant hereto, plaintiffs resided in an apartment located on the second floor of the premises 50 Ronald Drive, Village of Amityville, County of Suffolk, State of New York (hereinafter "subject premises").

25. On or about April 16, 2021, at approximately 4:00 A.M., all of the plaintiffs were present, sleeping at the subject premises, when defendants P.O. "JOHN DOES" 1-6 forcibly broke into plaintiffs' residence, shined a blinding light in the face of plaintiff NELSON N. AYALA, and struck him in his head and face when he woke up and inquired as to who they were.

26. The aforementioned P.O. "JOHN DOE" defendants were not displaying shields or badges on their clothing but, rather, were wearing helmets and flak jackets while carrying ballistic shields.

27. Plaintiff NELSON N. AYALA told the aforementioned defendants that he had undergone surgery to his neck two years previously and asked them not to cause him harm.

28. Disregarding plaintiff NELSON N. AYALA'a pleas, one or more of the P.O. "JOHN DOE" defendants bent his head so far forward and with such force that it felt to him as if the screws that had been placed in his cervical spine were going to pop out.

29. One or more of the P.O. "JOHN DOE" defendants then bent plaintiff NELSON N. AYALA over the bed in which he and his wife, plaintiff NERY AYALA, had been sleeping.

30. Plaintiff NELSON N. AYALA now told the aforementioned defendants that he wanted to speak to his attorney, referring to the attorney who had represented him in the Workers' Compensation claim that had arisen from the injury to his neck.

31. Ignoring his request, the aforementioned defendants pushed plaintiff NELSON N. AYALA off his bed and onto the floor, rear-handcuffed him extremely tightly, then threw him back onto his bed and hit him in his face.

32. When he voiced a complaint about the treatment he was receiving and the physical pain he was experiencing, one or more of the P.O. "JOHN DOE" defendants told him to "Shut up" and struck him again.

33. One or more of the P.O. "JOHN DOE" defendants now instructed plaintiff NELSON N. AYALA, who was still handcuffed, to sit on his bed and await the arrival of the defendant identified as DETECTIVE "JOHN DOE," who, upon information and belief, had some sort of supervisory role in the activity that was taking place.

34. Plaintiff NELSON N. AYALA was forced to remain seated on his bed, handcuffed, in his underwear, for approximately one hour until defendant DETECTIVE "JOHN DOE" arrived.

35. Upon information and belief, the actions of defendants P.O. "JOHN DOES" 1-6 described hereinabove were undertaken with the knowledge and approval and/or at the direction of defendant DETECTIVE "JOHN DOE."

36. When defendant DETECTIVE "JOHN DOE" arrived, he entered the room where plaintiff NELSON N. AYALA was being held, looked at him, shook his head, and stated to defendants P.O. "JOHN DOES" 1-6, "Let him go."

37. One of the P.O. "JOHN DOE" defendants proceeded to remove the handcuffs from plaintiff NELSON N. AYALA's wrists and instructed him to put his shoes on so that he would not cut his feet on the broken glass strewn on the living room floor of the family's apartment when defendants P.O. "JOHN DOES" 1-6 had broken into the residence.

38. The individual defendants left the plaintiffs' apartment and proceeded to another apartment, which was located on the first floor of the subject premises.

39. After a period of time had gone by, plaintiff NELSON N. AYALA saw the tenant of the first-floor apartment, who was a person not known to him, being taken out in handcuffs.

40. Upon information and belief, the person arrested was an individual named Halim Guzman Cruz.

41. None of the plaintiffs to this action were in any way acquainted with the person removed from the first-floor apartment.

42. During the approximately one hour in which plaintiff NELSON N. AYALA was falsely imprisoned and physically assaulted as described hereinabove, plaintiffs NERY AYALA, N.E.A., D.A., P.A., A.A. and JOSE MADRID were also present and not free to leave the premises, as they were being confined by defendants P.O. "JOHN DOES" 1-6.

43. As a result of the aforementioned conduct of the individual defendants, while they were acting under color of state law, plaintiff NELSON N. AYALA suffered a deprivation of his right to be arrested only with probable cause therefor and to be free from the use of excessive force. He and all the other plaintiffs suffered a deprivation of their right to be secure in their home against unreasonable searches, and to due process of law, all guaranteed to them by the fourth and fourteenth amendments to the Constitution of the United States. As a result of the aforementioned violations of the above-specified constitutional rights, plaintiff NELSON N. AYALA suffered injury to the nerves of his right arm and to the area of his cervical spine that had been surgically repaired approximately two years before the incident alleged, requiring him to have medical treatment, and suffered extreme mental anguish; infant plaintiffs D.A., P.A. and A.A. suffered emotional trauma that led to their having difficulty concentrating in school and had a negative effect on their schoolwork and grades, for which they received counseling; and plaintiff NERY AYALA, the infant plaintiff N.E.A., who was eleven months old at the time of the incident, and plaintiff JOSE MADRID all experienced severe mental trauma.

44. By reason of the aforementioned unconstitutional and illegal actions taken against them by the individual defendants hereto, plaintiffs demand damages in an

amount sufficient to compensate them for their damages as enumerated hereinabove and, in addition, seek punitive damages against the individual defendants, both amounts to be determined at the trial of this action.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS AGAINST DEFENDANTS P.O. "JOHN DOES" 1-6 <u>AND THE COUNTY OF SUFFOLK</u>
### (False Arrest)

45. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "44" hereinabove as if more fully set forth at length herein.

46. On or about April 16, 2021, at approximately 4:00 A.M., plaintiffs were present and sleeping at their home, located at 50 Ronald Drive, Village of Amityville, County of Suffolk, State of New York, when defendants P.O. "JOHN DOES" 1-6 illegally and forcibly broke into plaintiffs' residence and arrested them without having probable cause therefor.

47. At the aforementioned time and place, defendants P.O. JOHN DOES" 1-6 tightly rear-handcuffed plaintiff NELSON N. AYALA and held all of the plaintiffs in custody for approximately one hour.

48. At the time they committed the aforesaid acts of false arrest and false imprisonment, the defendants P.O. "JOHN DOES" 1-6 were acting within the scope of their employment by defendant COUNTY OF SUFFOLK.

49. By reason of the false arrest and false imprisonment committed against them by defendants P.O. JOHN DOES" 1-6, while they were acting within the scope of their employment by defendant COUNTY OF SUFFOLK, all the plaintiffs suffered a loss

of their liberty; and plaintiff NELSON N. AYALA was rendered sick, sore, lame and disabled; suffered permanent injury to the nerves of his right arm and to the area of his cervical spine that had been surgically repaired approximately two years before the incident alleged, requiring medical treatment, and suffered extreme mental anguish; infant plaintiffs D.A., P.A. and A.A. suffered emotional trauma which led to difficulty concentrating in school and had a negative effect on their schoolwork and grades, for which they received counseling; plaintiff NERY AYALA, the infant plaintiff N.E.A., who was eleven months old at the time of the incident, and plaintiff JOSE MADRID all experienced severe mental trauma.

50. As a result of the false arrest and false imprisonment committed against them by defendants P.O. "JOHN DOES" 1-6, while they were acting within the scope of their employment by defendant COUNTY OF SUFFOLK, plaintiffs have been damaged in an amount sufficient to compensate each of them for their injuries as enumerated hereinabove and, in addition, seek punitive damages against defendants P.O. "JOHN DOES" 1-6.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF NELSON N. AYALA AGAINST DEFENDANTS P.O. "JOHN DOES" 1-6, AND THE COUNTY OF SUFFOLK
(Battery)

51. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "50" hereinabove as if more fully set forth at length herein.

52. On or about April 16, 2021, at approximately 4:00 A.M., plaintiff NELSON N. AYALA was sleeping at his home, located at 50 Ronald Drive, Village of Amityville, County of Nassau, State of New York, when defendants P.O. "JOHN DOES" 1-6 broke

into plaintiffs' residence, shined a blinding light in the face of plaintiff NELSON N. AYALA, and commenced a course of offensively touching him when they struck him in his head and face when he woke up and inquired as to who they were.

53. Plaintiff NELSON N. AYALA told the aforementioned defendants that he had undergone surgery to his neck two years previously and ask them not to cause him harm.

54. Disregarding plaintiff NELSON N. AYALA's pleas, one or more of the "P.O. JOHN DOE" defendants bent his head so far forward and with such force that it felt to him as if the screws that had been placed in his cervical spine were going to pop out.

55. One or more of the P.O. "JOHN DOE" defendants then bent plaintiff NELSON N. AYALA over the bed in which he and his wife, plaintiff NERY AYALA, had been sleeping.

56. Plaintiff NELSON N. AYALA now told the aforementioned defendants that he wanted to speak to his attorney, referring to the attorney who had represented him in the Workers' Compensation proceeding that had arisen from the injury to his neck.

57. Ignoring his request, the aforementioned defendants pushed plaintiff NELSON N. AYALA off the bed and onto the floor, rear-handcuffed him extremely tightly, then threw him back onto the bed and hit him in his face.

58. Plaintiff NELSON N. AYALA was forced to remain seated on his bed, tightly handcuffed, for approximately one hour.

59. The aforementioned force used by defendants P.O. "JOHN DOES" 1-6 was not reasonable under the circumstances.

60. At the aforementioned time and place, defendants P.O. "JOHN DOES" 1-6 were acting within the scope of their employment by defendant COUNTY OF SUFFOLK.

61. By reason of the aforementioned battery committed against him by defendants P.O. "JOHN DOES" 1-6, while they were acting within the scope of their employment by defendant COUNTY OF SUFFOLK, plaintiff NELSON N. AYALA was rendered sick, sore, lame and disabled; and suffered permanent injury to the nerves of his right arm and to the area of his cervical spine that had been surgically repaired approximately two years before the incident alleged, requiring medical treatment, and suffered extreme mental anguish.

62. As a result of the battery committed upon him by defendants P.O. "JOHN DOES" 1-6, while they were acting within the scope of their employment by defendant COUNTY OF SUFFOLK, plaintiff NELSON N. AYALA has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants P.O. "JOHN DOES" 1-6.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS P.O. "JOHN DOES" 1-6, DETECTIVE "JOHN DOE" AND THE COUNTY OF SUFFOLK
(Trespass)

63. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "62" hereinabove as if more fully set forth at length herein.

64. On or about April 16, 2021, at approximately 4:00 A.M., plaintiffs were present and sleeping at their home, located at 50 Ronald Drive, Village of Amityville, County of Nassau, State of New York, when defendants P.O. "JOHN DOES" 1-6 broke into plaintiffs' residence.

65. On the date and time of the incident alleged, plaintiffs were in possession of their apartment at the subject premises.

66. On the aforementioned date and time, defendants P.O. "JOHN DOES" 1-6 and DETECTIVE "JOHN DOE" intentionally and forcefully committed an unauthorized entry into plaintiffs' home by breaking into the subject premises without a search warrant authorizing them to do so, entering the residence and intentionally damaging portions thereof.

67. At the time they committed the aforesaid act of trespass, defendants P.O. "JOHN DOES" 1-6 and DETECTIVE "JOHN DOE" were acting within the scope of their employment by defendant COUNTY OF SUFFOLK.

68. By reason of the trespass committed against them by defendants P.O. "JOHN DOES" 1-6 and DETECTIVE "JOHN DOE," while they were acting within the scope of their employment by defendant COUNTY OF SUFFOLK, all the plaintiffs suffered a loss of their property and liberty; and plaintiff NELSON N. AYALA was rendered sick, sore, lame and disabled; suffered permanent injury to the nerves of his right arm and to the area of his cervical spine that had been surgically repaired approximately two years before the incident alleged, requiring medical treatment and suffered extreme mental anguish; infant plaintiffs D.A., P.A. and A.A. suffered emotional trauma, which led to difficulty concentrating in school and had a negative effect on their schoolwork and grades, for which they received counseling; plaintiff NERY AYALA, the infant plaintiff N.E.A., who was eleven months old at the time of the incident, and plaintiff JOSE MADRID all experienced severe mental trauma.

69. As a result of the trespass committed against them by defendants P.O. "JOHN DOES" 1-6, while they were acting within the scope of their employment by defendant COUNTY OF SUFFOLK, plaintiffs have been damaged in an amount sufficient to compensate each of them for their injuries as enumerated hereinabove and, in addition, seek punitive damages against the individual defendants.

WHEREFORE, plaintiffs, NELSON N. AYALA and NERY AYALA, individually, and as parents and natural guardians of N.E.A., an infant under the age of fourteen years, D.A., an infant under the age of fourteen years, S.A., an infant under the age of fourteen years, A.A., an infant over the age of fourteen years, and JOSE MADRID, demand judgment against defendants, P.O. "JOHN DOES" 1-6, DETECTIVE "JOHN DOE" and THE COUNTY OF SUFFOLK as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate them for their damages as enumerated hereinabove, and, in addition, seek punitive damages against the individual defendants, both amounts to be determined at the trial of this action;

SECOND CAUSE OF ACTION: An amount sufficient to compensate them for their damages as enumerated hereinabove, such amount to be determined at the trial of this action, and, in addition, seek punitive damages against defendants P.O. "JOHN DOES" 1-6, both amounts to be determined at the trial of this action;

THIRD CAUSE OF ACTION: An amount sufficient to compensate plaintiff NELSON N. AYALA for his damages as enumerated hereinabove, and, in addition, seeks punitive damages against defendants P.O. "JOHN DOES" 1-6, both amounts to be determined at the trial of this action such amount to be determined at the trial of this action; and

FOURTH CAUSE OF ACTION: An amount sufficient to compensate them for their damages as enumerated hereinabove, such amount to be determined at the trial of this action, and, in addition, seek punitive damages against the individual defendants, both amounts to be determined at the trial of this action.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Forest Hills, New York
July 15, 2022

*Alan D. L.*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
118-21 Queens Boulevard, Suite 504
Forest Hills, New York 11415
(718) 793-6363
Our File No. 2481