UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Nelson N. Ayala and Nery Ayala, individually
and as parents and natural guardians of minor
children N.E.A., D.A., S.A., and A.A; and Jose
Madrid,

                             Plaintiffs,

        -against-

DEA Agent Chad Assenmacher, Detective
Daniel Chmura, Sergeant Ryan Sefton, P.O.
Daniel Colondona, P.O. Michael Cummings,
P.O. Michael Casper, P.O. Michael Coscia,
P.O. Jonathon Jensen, and the County of Suffolk,

                             Defendants.
------------------------------------------------------------------X

**Opinion and Order**
22-CV-4178
(NRM) (AYS)

NINA R. MORRISON, United States District Judge:

Nelson N. Ayala and Nery Ayala, individually and as parents and natural guardians of their minor children N.E.A., D.A., S.A., and A.A. ("Ayala Plaintiffs"), and Jose Madrid (collectively "Plaintiffs") bring suit against Detective Daniel Chmura, Sergeant Ryan Sefton, Officer Daniel Colondona, Officer Michael Cummings, Officer Michael Casper, Officer Michael Coscia, and Officer Jonathon Jensen of the Suffolk County Police Department (collectively "Police Officer Defendants"), Drug Enforcement Administration Agent Chad Assenmacher, New York State Police Investigator Michael J. Burmann, and the County of Suffolk based on an allegedly unlawful search of Plaintiffs' home. As relevant here, Plaintiffs allege that Defendant Assenmacher violated their Fourth Amendment rights by "maliciously, falsely, and intentionally" obtaining the warrant that erroneously

1

allowed certain Police Officer Defendants to search their apartment.  Second Am. Compl. ("SAC") ¶ 37, ECF No. 49-1.  Assenmacher moves to dismiss Plaintiffs' complaint for failure to state a claim against him.  Def. Mot. to Dismiss FAC, ECF No. 39; Def. Opp'n to Mot. to Amend FAC, ECF No. 50.  For the reasons discussed below, Assenmacher's motion is GRANTED.

## FACTUAL BACKGROUND

The following facts are derived from Plaintiff's Second Amended Complaint ("SAC"), which this Court accepts as true for purposes of deciding Defendant's motion to dismiss.

The Ayala Plaintiffs and their close friend Plaintiff Jose Madrid resided on the second floor of a two-story dwelling ("the premises") located at 50 Ronald Drive in Amityville, New York.  SAC ¶ 31.  Richard Beltre and Harlin Guzman-Cruz, among others, lived on the first floor of the premises.  *Id.* ¶ 32.  Plaintiffs were not "in any way acquainted" with the occupants of the first floor of the premises.  *Id.* ¶ 59.

On April 15, 2021, Defendant Assenmacher obtained a search warrant from the District Court of Suffolk County that "authorized an immediate search of the entire premises located at 50 Ronald Drive North, Amityville, Suffolk County, New York . . . at any time, day or night, without giving notice of . . . authority and purpose." *Id.* ¶¶ 31–32.  Mr. Beltre and Mr. Guzman-Cruz, the occupants of the first floor of the premises, were the targets of the search warrant.  *Id.* ¶ 32–34.  However, the warrant failed to "specif[y] that the subject premises was a two-family dwelling and that the

2

individuals named in the search warrant resided on the first floor of the building." *Id.* ¶ 33.

At approximately 4:00 A.M. on April 16, 2021, certain Police Officer Defendants entered the apartment on the second floor of the premises, where Plaintiffs were sleeping. *Id.* ¶ 43. The officers, who did not display identification, woke Nelson Ayala ("Mr. Ayala") by shining a "blinding light" in his face and struck him in the head when he inquired as to their identities. *Id.* ¶¶ 43–44. When Mr. Ayala asked to speak to an attorney, the officers "pushed [him] off his bed and onto the floor, rear-handcuffed him extremely tightly, then threw him back onto his bed and hit him in his face." *Id.* ¶¶ 48–49. Mr. Ayala was forced to remain handcuffed and in his underwear for approximately an hour until Defendant Chmura, a detective with supervisory authority, arrived. *Id.* ¶¶ 51–52. During this time, certain Police Officer Defendants prevented the other six plaintiffs from leaving the premises. *Id.* ¶ 60.

Mr. Ayala suffered physical and emotional injuries as a result of this conduct, and all Plaintiffs have experienced emotional trauma. *Id.* ¶ 61.

## PROCEDURAL HISTORY

On July 15, 2022, Plaintiffs filed the instant action. Compl., ECF No. 1. In their initial complaint, they named six police officer John Does, one detective John Doe, and the County of Suffolk as defendants. *Id.*

On October 27, 2022, Suffolk County filed a premotion conference letter seeking to dismiss the complaint for failure to state a claim, Defs. Letter Mot. to

3

Dismiss Compl., ECF No. 7, and attached the search warrant that authorized the search as an exhibit, Search Warrant, ECF No. 7-1. On November 2, 2022, Plaintiffs opposed Suffolk County's letter motion. Pls. Opp'n to Letter Mot. to Dismiss Compl., ECF No. 8. In their opposition, Plaintiffs argued that Defendants should identify all John Doe defendants in their answer. *Id.* at 1. Plaintiffs also noted that, based on their review of the search warrant attached to Suffolk County's letter motion, they wished to amend their complaint to add Assenmacher, the agent who obtained the warrant, as a defendant. *Id.*

During a conference on November 15, 2022 before the Honorable Judge Anne Y. Shields, Suffolk County withdrew its request for a premotion conference. Scheduling Order dated Nov. 15, 2022. Judge Shields directed the parties to conduct initial discovery and directed Plaintiff to file an amended complaint at the conclusion of the initial discovery. *Id.*

Plaintiffs filed their first amended complaint on January 12, 2023. First Am. Compl. ("FAC"), ECF No. 11. The FAC identified the John Doe Defendants and, as relevant here, added Drug Enforcement Administration Agent Assenmacher as a defendant. *Id.* ¶¶ 16, 29–40. The FAC alleged that Assenmacher, in violation of the Fourth Amendment, "maliciously, falsely, and intentionally obtained a search warrant that improperly authorized him and the other individual defendants to this action to make a search of the entire dwelling, including the second-floor apartment in which the plaintiffs resided." *Id.* ¶ 36.

On May 11, 2023, Defendant Assenmacher filed a premotion conference letter requesting leave to move to dismiss the claims against him. Def. Letter Mot. to Dismiss FAC, ECF No. 26. He argued that (1) "a novel *Bivens* remedy should not be extended to Fourth Amendment claims arising from a federal officer obtaining a search warrant" and (2) he is entitled to qualified immunity because the FAC fails to allege a violation of a clearly established Fourth Amendment right. *Id.* at 1. Plaintiffs opposed, Opp'n to Def. Letter Mot. to Dismiss FAC, ECF No. 27, and on June 6, 2023, this Court set a briefing schedule for Assenmacher's motion to dismiss, Scheduling Order dated June 6, 2023.

While the parties were briefing Assenmacher's motion to dismiss, Plaintiffs filed a cross-motion on October 30, 2023, seeking leave to amend their claim against Assenmacher and requesting permission for limited discovery. *See* Cross Mot. for Disc., ECF No. 33; Mem. in Supp. of Cross Mot. for Disc., ECF No. 45; Aff. in Supp. of Cross Mot. for Disc., ECF No. 35. Plaintiffs acknowledged that they had "encountered difficulty in finding a case pursuant to *Bivens* in which a court has held that an allegation similar to the one against Assenmacher is encompassed by the doctrine first enunciated in *Bivens*." Mem. in Supp. of Cross Mot. at 2. Accordingly, Plaintiffs sought discovery to determine whether Assenmacher "was physically present for any portion of the search of plaintiffs' home that forms the basis for this lawsuit," which would potentially allow them to amend their claim against him. *Id.* Assenmacher opposed Plaintiffs' request. Def. Opp'n to Cross Mot. for Disc., ECF No. 36. Magistrate Judge Shields denied Plaintiffs' motion to amend their FAC without

5

prejudice to renew but permitted the parties to serve document requests and interrogatories. *See* Order dated Nov. 27, 2023.

On November 27, 2023, Assenmacher filed a motion to dismiss, reiterating his arguments that a *Bivens* remedy should not extend to Plaintiffs' claim against him and asserting his entitlement to qualified immunity. *See* Def. Mot. to Dismiss FAC. He also subsequently moved for a stay of discovery pending the resolution of his motion to dismiss. Mot. for Stay of Discovery, ECF No. 42. Plaintiffs opposed Assenmacher's motion to dismiss on January 19, 2024. Pls. Letter Opp'n to Mot. to Dismiss FAC, ECF No. 45. They again conceded that "a *Bivens* remedy is not available for the mere act of having prepared and obtained approval of a search warrant," but averred a "good faith belief" that Assenmacher's "involvement in the search of their home . . . extended beyond his involvement in preparing and obtaining the warrant for the search." *Id.* at 1. Plaintiffs noted that they had served interrogatories on Assenmacher to ascertain his role in the search, but Assenmacher had not yet responded. *Id.* at 2.

On January 29, 2024, the Court denied Assenmacher's motion to stay discovery, Order dated Jan. 29, 2024, and on February 25, 2024, Assenmacher submitted his response to Plaintiffs' interrogatories, Def. Resp. to Letter Mot. to Compel Def. to Respond, ECF No. 48. Upon receiving Assenmacher's response to their interrogatories, Plaintiffs moved again to file a second amended complaint on March 6, 2024. Mot. to Amend FAC, ECF No. 49. In their motion, Plaintiffs informed the Court that, based on his answers to the interrogatories, "it would seem that

6

defendant Assenmacher took no part in the search of plaintiffs' apartment on April 16, 2021." *Id.* at 1. The allegations against Assenmacher in the SAC are thus identical to those in the FAC. *See* SAC ¶¶ 30–41, ECF No. 49-1. The only change from the FAC to the SAC is the addition of Investigator Michael Burmann as a defendant, who Plaintiffs allege "participated in the raid and illegal search." *Id.* ¶¶ 88–93.

Defendant Assenmacher responded on March 12, 2024, asking this Court to deem Plaintiffs' motion to amend the complaint for a second time futile and grant his motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Def. Opp'n to Mot. to Amend FAC. Plaintiffs filed a reply on March 15, 2024. Pls. Reply to Opp'n to Mot. to Amend FAC, ECF No. 51. They acknowledged their prior concessions regarding the viability of their *Bivens* claim but argued that, after doing "further research," they believe that "the preparation and submission of a false affidavit in support of [a] search warrant" is "cognizable under *Bivens*." *Id.*

On July 25, 2024, this Court granted Plaintiffs leave to file their SAC. Order dated July 25, 2024.

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim

7

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must be dismissed where, as a matter of law, "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. Accordingly, in deciding this motion, this Court must "assess the legal feasibility of the complaint, not . . . assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (internal citation and quotation marks omitted). In so doing, the Court must "accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Importantly, however, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (citation and internal quotation marks omitted).

## **DISCUSSION**

Plaintiffs initially appeared to pursue two theories under which Assenmacher could be liable for violating their Fourth Amendment rights: first, that Assenmacher acted unlawfully in obtaining the warrant that authorized the search of their home; and second, that Assenmacher participated in the unlawful search of their home. After being granted limited discovery, Plaintiffs have conceded that there is no evidence indicating that Assenmacher was present during the search. Mot. to Amend

8

FAC at 1. Accordingly, Plaintiffs have abandoned the latter theory and are only proceeding on the former.

Assenmacher argues that Plaintiffs' remaining claim must be dismissed for two reasons: first, because *Bivens* does not provide a remedy for Fourth Amendment violations arising from a federal officer obtaining a search warrant; and second, because he is entitled to qualified immunity. Def. Mot. to Dismiss FAC at 9, 18. This Court need not reach either argument because Plaintiffs fail to allege facts sufficient to support their claim of a Fourth Amendment violation. In other words, even assuming that Plaintiffs' claim is cognizable under *Bivens* and not barred by qualified immunity, it fails on the merits. *See Powell v. United States*, No. 19-cv-11351, 2020 WL 5126392, at *9 (S.D.N.Y. Aug. 31, 2020) (declining to reach whether "civil rights conspiracy . . . is actionable under *Bivens*" because the claim was "doomed by other pleading deficiencies").

In *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978), the Supreme Court held that for a defendant in a criminal case to receive a suppression hearing regarding the validity of a search warrant, he must make a "substantial preliminary showing" that (1) "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the search warrant affidavit," and (2) that the "allegedly false statement [is] necessary to the finding of probable cause." Courts have held that plaintiffs challenging a warrant pursuant to 42 U.S.C. § 1983 and *Bivens* must make the same showing as set forth in *Franks v. Delaware*. *See Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994) (applying *Franks* standard to § 1983 claim);

9

*Thunder Island Amusements, Inc. v. Ewald*, 650 F. Supp. 2d 195, 203 (N.D.N.Y. 2009) (applying *Franks* standard to *Bivens* claim). Plaintiffs fail to plausibly allege the first prong of the *Franks* test, and therefore, their Fourth Amendment claim must be dismissed.

Plaintiffs' complaint alleges that the affidavit Assenmacher swore to in support of the search warrant, and the search warrant itself, failed to specify that the premises was a two-family home and improperly authorized a search of the entire dwelling. SAC ¶¶ 32–35. But Plaintiffs make only conclusory allegations that any falsities or omissions in the affidavit and search warrant were made with the requisite *mens rea* to establish a Fourth Amendment violation. They allege that Assenmacher "purposely and maliciously failed to specify in his affidavit . . . that the persons sought resided in an apartment located on the first floor of the subject premises only," *id.* ¶ 36, and "maliciously, falsely, and intentionally obtained a search warrant that improperly authorized him and the other individual defendants to this action to make a search of the entire dwelling," *id.* ¶ 37.

These assertions of Assenmacher's intent — which are not supported by any concrete factual allegations — "amount to nothing more than legal conclusions" that the Court is "not bound to accept as true." *Lopez v. Bonanza.com, Inc.*, No. 17-cv-8493, 2019 WL 5199431, at *12 (S.D.N.Y. Sept. 30, 2019) (citation omitted). Nor have Plaintiffs alleged any specific facts from which a reasonable inference could be drawn that the errors in the search warrant affidavit were due to any "purpose[ful]" or "malicious[]" conduct on Assenmacher's part, as opposed to mere negligence. Because

10

the case law is clear that "unsupported conclusory allegations of falsehood or material omission cannot support . . . challenge[s]" to warrants, *Velardi*, 40 F.3d at 573, this Court must find Plaintiffs' allegations insufficient. *Cf. Chase v. Nodine's Smokehouse, Inc.*, 360 F. Supp. 3d 98, 113 (2d Cir. 2019) (denying motion to dismiss claim challenging the validity of an arrest warrant because plaintiff did "not leave it to conclusory allegations" and instead "ma[de] specific allegations as to the warrant's untruths and misrepresentations"). Accordingly, the Court grants Assenmacher's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Assenmacher's motion to dismiss.

SO ORDERED.

                                             /s/ NRM
                                             NINA R. MORRISON
                                             United States District Judge

Dated: July 25, 2024
       Brooklyn, New York